UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV1238 HEA |
| ) | |
| SEARS ROEBUCK & CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon consideration of the financial information in the complaint, the Court finds that plaintiff cannot afford to pay the filing fee, and the motion will be granted.

Because plaintiff is proceeding in forma pauperis, the Court is required to review the complaint under 28 U.S.C. § 1915(e) and dismiss it if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e- 2000e-5, for alleged racial discrimination. To state a claim upon which relief can be granted under Title VII, plaintiff is required to present a prima facie case of race discrimination: (1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).

Plaintiff has alleged that he is a member of a protected class and that he has suffered an adverse employment action, but he has failed to allege that he was meeting his employer's legitimate job expectations or that similarly situated employees outside the protected class were treated differently. As a result, he has failed to state a prima facie case of race discrimination under Title VII and, therefore, this case is subject to dismissal under 28 U.S.C. § 1915(e).

Additionally, the complaint does not contain a "demand for judgment for the relief [plaintiff] seeks" as required by Rule 8 of the Federal Rules of Civil Procedure.

Because plaintiff is proceeding pro se, the Court finds that plaintiff should be allowed the opportunity to file an amended complaint within 30 days of the date of this Order. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Therefore, if plaintiff chooses to file an amended complaint he must name all defendants he wishes to sue in the caption and include in it all of his claims for relief. If plaintiff fails to timely file an amended complaint, this case shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within 30 days of the date of this Order. If plaintiff fails to timely file an amended complaint, this case shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue at this time because the Court has ordered plaintiff to file an amended complaint.

Dated this 11th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE