IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause Number. 4:07CV1238 HEA |
| ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 11], for failure to state a cause of action. Plaintiff has responded to the Motion in accordance with the Court's Local Rules. For the reasons set forth below, the Motion is granted, with leave to amend.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at

1964-65, 1974.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*  On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations.  *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true.  *Id.* at 1965.  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences."  *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).  Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto.  Any written instrument attached to a complaint is considered a part of the complaint, and may be considered

in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

## **Discussion**

Plaintiff filed this action against Defendant alleging race discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff was ordered to file an Amended Complaint on July 11, 2007 because the original Complaint failed to state a *prima facie* cause of action for racial discrimination. In the original complaint, Plaintiff alleged that he was a member of a protected class and that he suffered an adverse employment action, but he failed to allege that he was meeting his employer's legitimate job expectations or that similarly situated employees outside the protected class were treated differently. Further, Plaintiff failed to set forth a demand for judgment for the relief he sought.

On July 30, 2007, Plaintiff filed "The First Amended Complaint." In this document, Plaintiff merely reiterates the factual background surrounding his discharge. The "First Amended Complaint" does not set forth the required elements of a Title VII race discrimination claim. Furthermore, Plaintiff has attached a copy

of the Missouri Division of Employment Security Appeal of his discharge.

The original Complaint contained more elements of Plaintiff's claim than his "amendment" As it stands, the First Amended Complaint is insufficient to state a cause of action. None of the necessary elements are pled. As previously advised, Plaintiff must allege that he is a member of a protected class, that he suffered an adverse employment action and that he was meeting the legitimate expectations of his employer or that similarly situated employees who are not members of a protected class were treated differently.

In his response to the Motion, Plaintiff discusses each of the elements. This is not sufficient, however, to withstand the challenge to the First Amended Complaint. These allegations must be included in the Complaint so that Defendant knows what the basis for the lawsuit is. The appellate decision of the Missouri Division of Employment Security has nothing to do with what is required of Plaintiff's Complaint.

## **Conclusion**

Based upon the foregoing, the Motion to Dismiss is well taken. Plaintiff has failed to satisfy the pleading requirements set forth in *Twombly*, and has therefore failed to state a claim for which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. 11], is GRANTED.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Order to file an Amended Complaint as set forth herein. Failure to do so will result in dismissal of this action.

Dated this 3rd day of December, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE