IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRE L. ASKEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:07CV1238 HEA |
| | ) | |
| SEARS ROEBUCK and CO, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motions to Strike Plaintiff's Claim of Defamation of Character, [Doc. No. 20]. Plaintiff has not filed an opposition to the motion. For the reasons set forth below, the Motion is granted.

Plaintiff filed this action against Defendant alleging race discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff was ordered to file an Amended Complaint on July 11, 2007 because the original Complaint failed to state a *prima facie* cause of action for racial discrimination. In the original complaint, Plaintiff alleged that he was a member of a protected class and that he suffered an adverse employment action, but he failed to allege that he was meeting his employer's legitimate job expectations or that similarly situated employees outside the protected class were treated differently. Further, Plaintiff failed to set forth a demand for judgment for the relief he sought.

On December 3, 2007, the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and granted Plaintiff leave to file another amended complaint. On December 10, 2007, Plaintiff filed another amended complaint. Contained within the new Amended Complaint is a new allegation that Plaintiff "wish[es] to sue the Defendant for Mental and Emotional Stress [he] suffered along with Defamation of Character and being unfairly discharged." Defendant moves to strike the defamation because Plaintiff has failed to sufficiently plead a defamation claim. The Court agrees.

In order to sufficiently state a cause of action, Plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather than facts that are merely consistent with such a right. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted). A defamation claim under Missouri law includes the following: publication of a defamatory statement, which identifies Plaintiff, is false and is published with a requisite degree of fault, and damages Plaintiff's reputation. *Ruzicka Elec. And Sons, Inc. V. Int'l Brotherhood of Elec. Workers Local 1,AFL-CIO*, 427 F.3d 511, 522 (8th Cir. 2005).

Plaintiff merely states that he wants to sue Defendant for "defamation of character." This sole claim is insufficient to satisfy the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure which requires that Plaintiff's Complaint must contain a short and plain statement of the claim showing that he is entitled to relief.  Plaintiff must set forth more than simply the desire to sue Defendant; he must affirmatively and plausibly set forth the basis upon which his claim rests.  Because Plaintiff is proceeding *pro se*, the Court believes Plaintiff should be given leave to amend.  The Court, however admonishes Plaintiff to heed the Court's discussion of the applicable pleading standard.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike, [Doc. No. 20 ], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Order to file an Amended Complaint for the sole purpose of including a claim for defamation.  In the event that Plaintiff does not file an amended complaint, this matter shall proceed on the Complaint now before the Court without regard to any defamation claim.

Dated this 28th day of January, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE