IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause Number. 4:07CV1238 HEA |
| ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Claim of Defamation of Character, [Doc. No. 29], for failure to sufficiently set forth the elements of a claim for defamation. Plaintiff has responded to the Motion and asked that his response be placed under seal. In this response, Plaintiff does not present any authority upon which to base his defamation "claim." Defendant, not having the opportunity to review this response, filed a memorandum with the Court advising the Court of its inability to reply. For the reasons set forth below, the Motion is granted.

Plaintiff filed this action against Defendant alleging race discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff was ordered to file an Amended Complaint on July 11, 2007 because the original Complaint failed to state a *prima facie* cause of action for racial discrimination. In the original complaint,

Plaintiff alleged that he was a member of a protected class and that he suffered an adverse employment action, but he failed to allege that he was meeting his employer's legitimate job expectations or that similarly situated employees outside the protected class were treated differently. Further, Plaintiff failed to set forth a demand for judgment for the relief he sought.

On July 30, 2007, Plaintiff filed "The First Amended Complaint." In this document, Plaintiff merely reiterated the factual background surrounding his discharge. The "First Amended Complaint" did not set forth the required elements of a Title VII race discrimination claim. The Court allowed Plaintiff to file an Amended Complaint, which he did on February 15, 2008.

In the Second Amended Complaint, Plaintiff states that he "wishes to sue the Defendant Sears Roebuck & Co for being physically assaulted and for deflamation [sic] of character because the Defendant claims that [he] refuse [sic] to leave the store when asked by the Defendant and that [he] got physically aggressive and verble [sic] in which the surveilience [sic] camera would that [he] did not approache [sic] the Defendant Greg Franks that I was leaving the store unaware that anything was going to occur.

In order to sufficiently state a cause of action, Plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather

than facts that are merely consistent with such a right. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted). A defamation claim under Missouri law includes the following: publication of a defamatory statement, which identifies Plaintiff, is false and is published with a requisite degree of fault and damages Plaintiff's reputation. *Ruzicka Elec. And Sons, Inc. V. Int'l Brotherhood of Elec. Workers Local 1,AFL-CIO*, 427 F.3d 511, 522 (8th Cir. 2005).

    Plaintiff merely states that he wants to sue Defendant for defamation of character. This sole statement is insufficient to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that Plaintiff's Complaint must contain a short and plain statement of the claim showing that he is entitled to relief. Plaintiff must set forth more than simply the desire to sue Defendant; he must affirmatively and plausibly set forth the basis upon which his claim rests. *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). The Court has given Plaintiff the opportunity to amend on several occasions and Plaintiff continues to merely state that he seeks to sue Defendant for defamation of character. Accordingly, in the event that Plaintiff seeks to continue his desire to bring such an action, he will be required to seek leave to amend. Any such request shall be made within 14 days from the date of this order and shall be

accompanied by a proposed amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike, [Doc. No. 29 ], is **GRANTED**.

Dated this 17th day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE