# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cause Number. 4:07CV1238 HEA |
| ) | |
| SEARS, ROEBUCK AND CO., ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Claim of Defamation and Assault Claims from Plaintiff's Fourth Amended Complaint, [Doc. No. 43], for failure to sufficiently set forth the elements of these claims. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is denied.

Plaintiff's current *pro se* Complaint states that he wishes to sue Defendant for being assaulted and for defamation of character.

In order to sufficiently state a cause of action, Plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, rather than facts that are merely consistent with such a right. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted). A defamation claim under Missouri law includes the following: publication of a defamatory

statement, which identifies Plaintiff, is false and is published with a requisite degree of fault and damages Plaintiff's reputation. *Ruzicka Elec. And Sons, Inc. V. Int'l Brotherhood of Elec. Workers Local 1,AFL-CIO*, 427 F.3d 511, 522 (8th Cir. 2005).

Plaintiff states that Defendant falsely accused him of being violent and a disobedient employee to prospective employers. Construing Plaintiff's *pro se* complaint liberally, and considering all reasonable inferences therefrom, the Complaint states a claim: It sets forth that: Defendant published defamatory statement identifying Plaintiff (plaintiff was a violent and disobedient employee); was false (falsely accused him); was published with a requisited degree of fault (defendant has ruined his reputation for seekng employment); and damages his reputation (prospective employers originally willing to hire Plaintiff refuse after checking out his work performance with Defendant). These allegations are sufficient to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that Plaintiff's Complaint must contain a short and plain statement of the claim showing that he is entitled to relief.

To state a claim for assault under Missouri law, plaintiff must show (1) intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct indicating such intent; and (3) a resulting apprehension of bodily harm or offensive

contact on the part of the plaintiff. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo.Ct.App.2002) (quoting M.A.I. 23.01 (1981)). Plaintiff alleges that Defendant's security manager shook his finger at Plaintiff and grabbed him by the collar of his shirt while he was exiting the store. These allegations, under Rule 8 are sufficient to state a claim. See *Carter v. Hassell* 2008 WL 649180 (8th Cir. 2008) (Plaintiff alleged that Defendant "hit him with a walkie-talkie 'for no justified reason' and injured him..." "The facts [Plaintiff] alleged also fairly imply that [Defendant] struck [Plaintiff] on purpose, and thus they state an assault-and-battery claim under Missouri law. *See Phelps v. Boss,* 73 S.W.3d 651, 656 (Mo.Ct.App.2002) (discussing elements of state assault-and-battery claim)." At this stage of the proceeding, the Court is not asked to, nor can it determine, whether Plaintiff will be able to prove the alleged facts to establish liability for the claims. Rather, pursuant to Rule 12(f), Defendant asks the Court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The current Complaint contains no such matter and therefore the motion to strike Plaintiff's allegations of defamation and assault will be denied.

    Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike, [Doc. No. 43 ], is **DENIED**.

Dated this 17th day of July, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE