IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, | ) |
| Plaintiff, | ) |
| v. | ) Cause Number. 4:07CV1238 HEA |
| SEARS, ROEBUCK AND CO., | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Assault claim, [Doc. No. 56]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

Plaintiff's Fourth Amended Complaint states that he seeks to sue Defendant Sears for being physically assaulted by a security manager for Defendant when Plaintiff was leaving work. Defendant argues that this claim must be dismissed for lack of subject matter jurisdiction as the claim is within the exclusive jurisdiction of the Missouri Workers' Compensation law, R.S.Mo. § 287.120.1.

The appropriate means of raising the Workers' Compensation Law as a defense to a common law tort action is by a motion to dismiss for lack of subject matter jurisdiction. *State ex rel. MW Builders, Inc. v. Midkiff,* 222 S.W.3d 267, 269 (Mo. banc 2007). The Rules of Civil Procedure require a circuit court to dismiss an

action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Rule 55.27(g)(3). "'As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction.'" *MW Builders,* 222 S.W.3d at 269 (quoting *James v. Poppa,* 85 S.W.3d 8, 9 (Mo. banc 2002)). "The determination of whether a case falls within the exclusive jurisdiction of the Workers' Compensation Law is a question of fact that is left to the sound discretion of the trial court." *Id.*

Liability of an employer for compensation under the Workers' Compensation Law releases the employer from all other liability. R.S.Mo.§ 287.120. The Labor and Industrial Relations Commission has exclusive jurisdiction over claims for injuries covered by the act. *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723, 726 (Mo.banc 1982). Rule 55.27(g)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Assaults which are the outgrowth of frictions generated by the employee's work are within the exclusive coverage of the act. *Person v. Scullin Steel Company,* 523 S.W.2d 801, 803 (Mo.banc 1975); *Dillard v. City of St. Louis,* 685 S.W.2d 918, 921 (Mo.App.1984). "So too are irrational, unexplained or accidental assaults of so-called neutral origin that occur in the course

of the victim's employment.  *Person* at 804; *Dillard* at 921.  Only injuries caused by assaults committed in the course of private quarrels are non-compensable under § 287.120. *Id.*" *State ex rel. Barnes Hosp. v. Tillman*, 714 S.W.2d 538, 539 -540 (Mo.App. E.D. 1986).

The clear import of Plaintiff's claim that he was assaulted by a security manager as he was leaving work, falls within the perimeters of within the course of Plaintiff's employment, and as such falls within the exclusive jurisdiction of Missouri Workers' Compensation Law.  The Labor and Industrial Relations Commission has exclusive jurisdiction over claims for injuries covered by act.  *Id.* As such, this Court lacks subject matter jurisdiction over Plaintiff's assault claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion Dismiss Plaintiff's Assault Claim, [Doc. No. 56 ], is granted and Plaintiff's claim for damages as a result of the alleged assault is **DISMISSED**.

Dated this 30th day of September, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE