UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE ASKEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1238 HEA |
| | ) |
| DEARS, ROEBUCK AND CO., | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 65], and Defendant's Motion for Summary Judgment, [Doc. No. 71]. Each party opposes the other's motion. For the reasons set forth below, Plaintiff's Motion is denied and Defendant's Motion is granted.

## **Introduction**

Plaintiff filed this action against Defendant alleging that Defendant terminated his employment, because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff also charges Defendant with defamation. Defendant claims that it discharged Plaintiff because of his inability to abide by its expectations.

Plaintiff's Motion for Summary Judgment consists of a single sentence

seeking summary judgment. He subsequently filed a Memorandum in Support of his Motion and in opposition to Defendant's Motion.

Defendant has moved for summary judgment on all of Plaintiff's claims. Because Plaintiff cannot overcome his burden of proof required to establish genuine issues of material fact, Defendant's motion will be granted and Plaintiff's Motion will be denied..

## Facts and Background

Defendant has submitted a Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment, in which Defendant sets forth specific references to deposition testimony. Plaintiff does not specifically respond to Defendant's Statement of Uncontroverted Facts, rather, Plaintiff has filed an unverified response in which he states that the allegations contained in Defendant's motion are not fact and that he is entitled to judgment in his favor. This, however, is insufficient to controvert Defendant's Statement of uncontroverted Material Facts.

Pursuant to this Court's Local Rule 7-4.01(E),

> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed

admitted for purposes of summary judgment unless specifically controverted by the opposing party.

As such, the following facts are deemed admitted for the purposes of the motion for summary judgment.

Plaintiff applied to Sears at the Northwest Plaza Sears location in February 2002. He was interviewed, hired, and attended orientation on March 1, 2002.

Plaintiff was hired to work at the customer pickup department as a receiving associate. His duties were unloading delivery trucks, retrieving items for customers and loading them into customers' cars, taking stock, maintaining the stock room, implementing a high value item verification process, and using the SNC to load level and barcode receipts into the computer system.

Plaintiff received and acknowledged Sears' Associate Handbook during orientation. Plaintiff further acknowledges that he was aware that Sears had a policy against workplace violence. He also acknowledges that he was aware that Sears had an equal employment opportunity policy, and that someone at Sears informed him of Sears' policy against discrimination and harassment during orientation.

Plaintiff recalls that Sears had its policy against discrimination and harassment in the workplace posted. He recalls seeing the poster in the break room and locker room. He was aware that he could report discrimination or harassment to his

immediate supervisor, his immediate supervisor's supervisor, his human resources representative, and to one of two Sears telephone hotlines.

When Plaintiff began his employ his supervisor was Dan Bialac, lead supervisor over shipping and receiving. His supervisor after Dan Bialac was Justin Carson. Joanne Hoagland became Plaintiff's supervisor after Justin Carson, in 2005. She was plaintiff's supervisor at the time of his termination.

Plaintiff received about 600 hours of shipping and receiving computer training. Most of the computer training taught Plaintiff how to use the SNC, a handheld device used to find merchandise.

Plaintiff received a performance review for 2003 on March 29, 2004. He received 2.2 points out of 5 overall, with 5 being the highest, on his 2003 review. Plaintiff received a performance review for 2004 on March 31, 2005. He received 2.3 points out of 5 overall, with 5 being the highest, on his 2004 review. Plaintiff received a performance review for 2005 on March 30, 2005. He received 3.1 points out of 5 overall, with 5 being the highest, on his 2005 review.

On April 30, 2004, plaintiff received a warning for a customer service issue. Plaintiff made a customer wait to be taken care of for 20 minutes. Plaintiff told the customer that Sears did not have the lawnmower the customer wanted. Sears actually had six of the lawnmowers that the customer wanted.

Plaintiff did not recall the incident in April 2004, but stated that it is possible that the April 2004 incident occurred.

In March 2005, plaintiff received a verbal warning for not displaying the correct item numbers with products. Also in March 2005, plaintiff was disciplined for unsatisfactory work performance. Plaintiff was disciplined because a customer complained about plaintiff.

In June 2005, plaintiff received an oral warning for not having his merchandise areas up to standards.

On October 25, 2005, plaintiff received a written warning. This warning was given because plaintiff had been in a verbal confrontation with a cashier while customers were still in the store. The October 25, 2005 warning states that a request for termination will be made if the behavior happens again. Plaintiff stated that the cashier started an argument with him. The cashier was also issued a written warning.

On July 12, 2006, store general manager Judith Krause reported ongoing customer service and performance issues with plaintiff via the Sears hotline. Ms. Krause reported that plaintiff argues with customers, walked away from customers, and his performance issues resulted in damaged products. Ms. Krause reported that in June 2006, plaintiff dropped a refrigerator while loading it into a customer's car. Sears' policy is to have two people when loading refrigerators. As a result of

dropping the refrigerator, plaintiff replaced it with a new refrigerator as the first one was damaged, thereby causing a loss to Sears.. Ms. Krause reported that, in June 2006, plaintiff also dropped a microwave with a customer present. Plaintiff does not remember dropping the microwave, but stated "a lot of mistakes and errors can happen." Ms. Krause reported that plaintiff dropped a customer's vacuum in July 2006. Plaintiff did not recall dropping a vacuum, but does not dispute that it occurred. Ms. Krause reported that plaintiff walked away from a customer to talk to a co-worker, ignoring the customer. Plaintiff did not recall ignoring the customer.

On August 2, 2006, plaintiff received a written warning because plaintiff was found in the process of changing in the coat room, with no shirt on. Plaintiff acknowledges that the coat room is used for storing boots or whatever clothing kept in lockers. Plaintiff agreed with the warning and stated that he "was in the wrong." The August 2, 2006 warning states that further discipline, up to and including termination, will take place if plaintiff fails to improve.

Plaintiff was terminated for events that took place on November 13, 2006. On November 13, plaintiff was helping another employee to retrieve a television for a customer. The television plaintiff retrieved was the incorrect model and was worth $300 more than the one plaintiff was supposed to retrieve. Plaintiff claims that the item ticket for the television was incorrect. Security Manager Gregory Francks

attempted to counsel plaintiff regarding his mistake. Plaintiff became aggressive with Mr. Francks, yelled at Mr. Francks, and poked his finger in Mr. Francks' chest. Plaintiff claims that Mr. Francks grabbed Plaintiff by the collar, pointed his finger in Plaintiff's face and yelled at Plaintiff in front of employees and customers. Plaintiff admits that he touched Mr. Francks in the chest.

On November 13, 2006, co-worker Robin Llanos submitted a signed, written statement stating that he noticed that Plaintiff was about to give a customer the wrong television. Robin Llanos also stated that Plaintiff "blew up yelling and screaming" when Mr. Francks attempted to counsel him about the television mistake.

Co-worker Aiesha Awad submitted a written, signed statement stating that Mr. Francks attempted to calmly speak to plaintiff. Aiesha Awad stated that plaintiff got upset while Mr. Francks remained calm.

Plaintiff was suspended on November 14, 2006, pending return of the store general manager. Plaintiff was terminated on November 17, 2006, effective November 14, 2006.

The Sears store general manager was Louis Albert at the time of plaintiff's termination. Plaintiff originally stated that Mr. Albert terminated him because he did not "fit in." Plaintiff testified that Mr. Albert said he was terminating Plaintiff because Plaintiff was not the person he used to be, Plaintiff did not "cut it," and

Plaintiff didn't fit in.

Plaintiff made a complaint on August 23, 2005 to the Sears hotline regarding Judith Krause, store manager at the time. Plaintiff's complaint regarding Judith Krause was that Ms. Krause only makes negative comments about him and points out things he does wrong. Plaintiff also complained that Ms. Krause told him he should not be sitting down when he is helping a customer, and that Ms. Krause pointed her finger in his face. Plaintiff felt that Ms. Krause was harassing him, but could not state any examples. Judith Krause no longer worked at Sears at the time of plaintiff's termination. Plaintiff witnessed one instance of a racial nature during his employment with Sears. Plaintiff witnessed a Sears employee use a racial slur derogatory to African Americans. Several of Plaintiff's co-workers who witnessed the incident reported it to human resources and the store manager. Sears management told Plaintiff that the employee who used the racial slur was fired.

Plaintiff was hired by Staff Management in approximately October 2007. Plaintiff is a temporary employee. Plaintiff is still employed by Staff Management, at Proctor and Gamble.

Plaintiff had an interview with KV Pharmaceuticals after Sears terminated him. He believed that he was hired at the time of the interview. Plaintiff was not hired by KV Pharmaceuticals. Plaintiff believes KV Pharmaceuticals did not hire

him because of a statement Sears made to KV Pharmaceuticals, without his knowledge of any statement. Plaintiff admits that no one from KV Pharmaceuticals told him that Sears was contacted. Plaintiff admits that no one from Sears told him that Sears communicated with KV Pharmaceuticals.

## **Discussion**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary

judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson &*

*Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

"Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." *Arnold v. Nursing and Rehabilitation Center at Good Shepherd, LLC*, 471 F.3d 843, 846 (8th Cir.2006) (citation omitted). "To successfully parry the defendants' motion for summary judgment, [Plaintiff] must put forth either (1) proof of 'direct evidence' of discrimination; or (2) a prima facie case of unlawful discrimination through circumstantial evidence under the *McDonnell Douglas* burden-shifting test, and then rebutting any proffered nondiscriminatory reasons for the employment decision with sufficient evidence of pretext. *Griffith*, 387 F.3d at 736." *King v. Hardesty,* 2008 WL 539238, 4 (8th Cir. 2008).

A plaintiff in an employment discrimination case, therefore, may avoid summary judgment by following the *McDonnell Douglas* framework *or* by presenting direct evidence of discrimination. *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004). Direct evidence in this context must be strong enough to show "a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the employment decision. *Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir.1997) (internal quotations omitted).

Direct evidence includes "evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude," where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor. *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir.1993) (internal quotations omitted).

If "the plaintiff lacks direct evidence of discrimination, the plaintiff may survive the defendant's motion for summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McGinnis v. Union Pacific R.R.*, 496 F.3d 868, 873 (8th Cir.2007). "Under the McDonnell Douglas framework, a presumption of discrimination is created when the plaintiff meets his

burden of establishing a prima facie case of employment discrimination. A minimal evidentiary showing will satisfy this burden of production." *Davis v. KARK-TV, Inc.,* 421 F.3d 699, 704 (8th Cir.2005). To establish his prima facie case of racial discrimination, Plaintiff must show: 1) he is a member of a protected class; 2) he met her employer's legitimate expectations; 3) he suffered an adverse employment action; and 4) similarly situated employees who were not members of the protected class were treated differently. *Higgins v. Gonzales,* 481 F.3d 578, 584 (8th Cir. 2007) Under this framework, Plaintiff bears the burden of establishing a prima facie case of discrimination. *McGinnis,* 496 F.3d at 873 (citation omitted).

To meet his burden, Plaintiff "'must show the following: (1) that [he] is a member of a protected class; (2) that [he] was meeting [his] employer's legitimate job expectations; (3) that [he] suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently.' *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 616 (8th Cir.2007)." *Fields v. Shelter Mut. Ins. Co.* 520 F.3d 859, 864 (8th Cir. 2008).

"The establishment of a prima facie case creates a presumption of unlawful discrimination, which in turn requires a defendant to come forward with evidence of a legitimate, nondiscriminatory reason for the defendant's actions." *Id.* (citation omitted). "If the defendant articulates such a reason, the burden returns to the

plaintiff to show the defendant's proffered reason is pretextual." *Id*. (citation omitted).

Plaintiff has presented absolutely no direct evidence of discrimination, therefore, in order to withstand the motion for summary judgment, Plaintiff must satisfy the three prongs of the *McDonnell-Douglas* analysis.

Plaintiff has failed to establish the second and fourth elements of a *prima facie* case of race discrimination. There is no evidence that he was meeting his employer's reasonable expectations in that the record establishes that Plaintiff failed to heed the reprimands given. Plaintiff continued to receive warnings and became belligerent when corrective action was taken during the November 13, 2006 incident. He refused to accept the directives being given to him. Plaintiff had previously been warned and he continued to perform in a manner that was not acceptable to his employer.

Likewise, Plaintiff has failed to produce any evidence that similarly situated Caucasian employees were treated differently under the same set of circumstances. There is no evidence in the record before the Court which demonstrates that Caucasian employees were warned for similar incidents nor is there any evidence that any Caucasian employees reacted to corrective action in the same way as Plaintiff and were not discharged.

Even if one assumed, *arguendo,* that Plaintiff could establish his *prima facie*

case, Defendant has established legitimate, nondiscriminatory reasons for terminating Plaintiff's employment. Defendant has established that it warned Plaintiff on several occasions without termination. When Plaintiff's behavior did not change, and Defendant continued to receive complaints, Defendant was within its purview to discharge Plaintiff.

The burden, again shifts back to Plaintiff to establish that the reason given was in fact a pretext for the discrimination. Under the *McDonnell-Douglas* analysis, Plaintiff must present evidence that this reason is a pretext for improper discrimination. To satisfy this burden in the context of a properly supported motion for summary judgment, the plaintiff must "identify specific facts in the record showing that the offered reason was merely pretext and that illegal [discrimination] was the true motivating factor." *Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113 (8th Cir.2004) (per curiam). "Merely disputing [the employer's] reason is insufficient[.]" *Stuart v. General Motors Corp,* 217 F.3d 612, 634 (8th Cir. 2000). Plaintiff nowhere refutes these reasons with admissible evidence, and makes no effort to show they are pretextual. Indeed, Plaintiff's self-serving unsworn statements that Defendant's evidence is "made up" fail to rise to the level of admissible evidence. Fed.R.Civ. Rule 56(e). Such statements are not sufficient. *See Mayer v. Nextel West Corp.,* 318 F.3d 803, 809 (8th Cir. 2003) ("Evidence, not contentions,

avoids summary judgment."). Plaintiff can produce no admissible evidence to establish pretext.

With respect to Plaintiff's challenge that he is entitled to summary judgment based on the Decision of the Appeals Tribunal, Defendant correctly asserts that Missouri law specifically prohibits Plaintiff's contention.

Section 288.215 of the Missouri Revised Statutes provides

"any finding of fact, conclusion of law, judgment or order made by an appeals tribunal...shall not be conclusive or binding in any separate or subsequent action not brought under this chapter, and shall not be used as evidence in any subsequent or separate action not brought under this chapter, before an arbitrator, commissioner, commission, administrative law judge, judge or court of this state or of the United States, regardless of whether the prior action was between the same or related parties or involved the same facts."

Plaintiff's argument, therefore, is without merit.

As to Plaintiff's defamation claim, Plaintiff has presented no evidence of any of the required elements of a claim for defamation: Under Missouri law, Plaintiff must show: "(1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation." *Ruzicka Elec. and Sons, Inc. v. Int'l Bhd. of Elec. Workers Local 1, AFL-CIO*, 427 F.3d 511, 522 (8th Cir. 2005), citing *Sterling v. Rust Commc'ns*, 113 S.W.3d 279, 281 (Mo.App. 2003). Plaintiff has presented

not a single particle of evidence of any of the required elements. Defendant is therefore entitled to summary judgment on Plaintiff's defamation claim.

## Conclusion

Plaintiff has failed to satisfy his burden under the *McDonnell-Douglas* paradigm requiring that he establish a genuine issue of material fact regarding whether the articulated reason given for his termination was a pretext for discrimination. As such, Defendant is entitled to judgment as a matter of law on Plaintiff's discrimination claim. Plaintiff has also failed to present any evidence of defamation; none of the elements for a valid defamation claim have been established. Defendant is entitled to judgment as a matter of law on this claim as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 65], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 71], is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 20th day of January, 2009.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE